UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GOODPHONE COMMUNICATIONS, INC<br>Plaintiff,<br><br>v.<br><br>THE MITCH HENCK SHOW, LLC.<br><br>Defendant. | Civil Action No.<br><br>Jury Trial Requested |

## COMPLAINT

This is an action for trademark infringement, false designation of origin and unfair competition, and trademark dilution. Defendant The Mitch Henck Show, LLC has acted intentionally to misappropriate, trade on, and wrongfully profit from the goodwill and reputation of Plaintiff Goodphone Communication's valuable incontestable federally registered trademark TALKERS (the Mark), and has made false and misleading statements.

Plaintiff GOODPHONE COMMUNICATIONS, INC. seeks injunctive relief and damages for trademark infringement, false designation of origin and unfair competition, and trademark dilution by The Mitch Henck Show, LLC in violation of the laws of the United States and the Commonwealth of Massachusetts. Plaintiff GOODPHONE COMMUNICATIONS, INC., for its Complaint against Defendant The Mitch Henck Show, LLC hereby states and alleges the following:

## PARTIES

1. Plaintiff GOODPHONE COMMUNICATIONS, INC. ("TALKERS") is a

Massachusetts for Profit Corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 212 Deepwoods Dr., Longmeadow, MA 01106.

2. Defendant The Mitch Henck Show, LLC, ("MadisonTalkers") is a Wisconsin limited liability corporation organized under the laws of Wisconsin, with its principal place of business at 4929 WHITCOMB DRIVE, APT 9, MADISON , WI 53711.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (patent, trademark and unfair competition claims). The federal claims include trademark infringement, and false designation of origin and unfair competition, under the
Lanham Act.

4. The Court has also subject matter jurisdiction under 28 U.S.C. §§ 1332 because the suit is between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

5. This Court has jurisdiction over the state law and common law claims under the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367. The state and common law claims arise from or are substantially related to the same acts giving rise to the federal claims.

6. This Court has personal jurisdiction over Defendant The Mitch Henck Show, LLC under Mass. Gen. Laws Ch. 223A, § 3, because, inter alia, Defendant has

conducted and upon information and belief continues to transact business in the Commonwealth of Massachusetts via their website. Defendant commits acts of trademark infringement and unfair competition in the Commonwealth while using trademarks confusingly similar to TALKERS mark to conduct or solicit business through advertising, offering for sale, and selling of confusingly similar services.

7. The Mitch Henck Show, LLC marketed the website MadisonTALKERS.com to at least one citizen in Massachusetts seeking media publicity to attract customers.

8. Upon information and belief, The Mitch Henck Show, LLC has additional customers in Massachusetts, and continues to solicit customers in Massachusetts.

9. The Mitch Henck Show, LLC, continues to provide infringing media services to all customers.

10. The Mitch Henck Show, LLC's website, found at "MadisonTALKERS.com," is continuously available to Massachusetts residents, and has interactive features available to Massachusetts residents.

11. MadisonTALKERS.com uses social media to reach potential customers nationwide, including Facebook, Twitter, Google+ and Pinterest, and upon information and belief, uses such social media platforms to reach Massachusetts customers.

12. MadisonTALKERS.com engages in widespread email solicitation and upon information and belief, does so to reach, in part, Massachusetts residents.

13. MadisonTALKERS.com website does not prohibit access or use of the website or any feature of the website by Massachusetts residents.

14. In January 2017, GOODPHONE COMMUNICATIONS, INC. counsel sent a cease and desist letter informing The Mitch Henck Show, LLC of GOODPHONE COMMUNICATIONS, INC. incontestable federal registrations identified in PARAGRAPH 25 below.

15. The Mitch Henck Show, LLC. responded by directly ignoring all requests - including forwarding this matter to their counsel, and has not ceased its infringing activity.

16. GOODPHONE COMMUNICATIONS, INC., a Massachusetts-based company, is injured by The Mitch Henck Show, LLC's wrongful conduct as alleged in the paragraphs below, and that harm is felt in Massachusetts, where GOODPHONE COMMUNICATIONS, INC. resides.

17. These actions give rise to personal jurisdiction over The Mitch Henck Show, LLC in this Court.

18. Venue in this district is proper under 28 U.S.C. § 1391 because (a) a substantial portion of the events giving rise to Plaintiff's claims occurred in the Massachusetts, namely the infringing use of trademarks in Massachusetts in connection with soliciting and providing services to Massachusetts residents in connection with the infringing marks, (b) a substantial part of the property that is the subject of the action, namely Plaintiff's trademark rights in the mark TALKERS (the Mark), are situated in Massachusetts, and (c) Defendant is subject to personal jurisdiction in this Court.

**FACTS COMMON TO ALL COUNTS**

19. GOODPHONE COMMUNICATIONS, INC. (and its previous corporate incarnations) has been continuously and directly involved in the creation, management and publication of TALKERS magazine and associated products since its inception in 1990.

20. TALKERS magazine is the leading trade industry publication related to talk media in the United States.

21. TALKERS magazine has had an international online presence with the domain and associated website TALKERS.com since 1994.

22. TALKERS magazine has produced at least one annual convention using the TALKERS mark continuously since 1996. During the three recent years with multiple conventions – the franchise was advertised based upon geography – including TALKERS New York and TALKERS Los Angeles. Other locations are in consideration.

23. TALKERS magazine has had a continuous online radio presence known as "TALKERS Radio" since 2010.

24. TALKERS magazine has published three updated editions of TALKERS magazine's "Directory of Talk Radio" since the initial publication (four total) in 2000.

25. GOODPHONE COMMUNICATIONS, INC. owns incontestable Federal Registration No. 3853473. This incontestable registration is for "Electronic publications…featuring the talk media industry recorded on computer media;" and "production of sound and music video recordings." GOODPHONE

COMMUNICATIONS, INC. has continuously used the mark "TALKERS" in connection with such services provided by TALKERS magazine since 1990.

26. Defendant The Mitch Henck Show, LLC. based in the Madison, Wisconsin was founded by Mitch Henck in 2015. The domain MadisonTALKERS.com was registered in November 2015.

27. The madisonTALKERS.com website actively seeks customers to hire MadisonTalkers.com to create, produce, post, and market talk media productions in interstate commerce via their website.

28. The MadisonTALKERS.com website prominently uses the mark "TALKERS," on its website, in addition to the names of other affiliated projects by GOODPHONE COMMUNICATIONS, INC.

29. See Exhibit A for samples of protected usages of TALKERS marks.

30. See Exhibit B for samples of infringing usages of TALKERS marks.

31. Defendant The Mitch Henck Show, LLC is willfully and purposefully using the mark "TALKERS" in connection with its services in such a way as to create a false impression that MadisonTALKERS.com is affiliated or related to the TALKERS mark and other services of GOODPHONE COMMUNICATIONS, INC.

32. Upon information and belief, Defendant The Mitch Henck Show, LLC chose the domain name MadisonTALKERS.com because of its similarity with Plaintiff Goodphone Communcications, Inc TALKERS.com in an effort to cause confusion by creating the false impression that the Defendant The Mitch Henck Show, LLC's services are affiliated or related to Plaintiff Goodphone Communication, Inc. and its services.

33.     Such false impressions are likely to cause consumer confusion and ultimately harm Plaintiff Goodphone Communication, Inc.'s reputation in the talk media marketplace.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Trademark Infringement in Violation of the Lanham Act* **(15 U.S.C. §1114)**

34.     GOODPHONE COMMUNICATIONS, INC. repeats and realleges the facts set forth in each of the preceding paragraphs.

35.     Defendant The Mitch Henck Show, LLC is using the mark TALKERS in connection with the sale, offer for sale, and advertising and marketing of its services in commerce, without authorization from GOODPHONE COMMUNICATIONS, INC., and these marks are colorable imitations of Plaintiff GOODPHONE COMMUNICATIONS, INC.'s Mark.

36.     Defendant, The Mitch Henck Show, LLC's unlawful use of these marks is likely to cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant, The Mitch Henck Show, LLC and its services with Plaintiff GOODPHONE COMMUNICATIONS, INC. and its services, and is likely to cause confusion, mistake, or deception regarding the origin of Defendant The Mitch Henck Show, LLC's services, and sponsorship or approval by Plaintiff GOODPHONE COMMUNICATIONS, INC.

37.     Defendant, The Mitch Henck Show, LLC's use of the mark MadisonTALKERS.com constitute infringement of GOODPHONE COMMUNICATIONS,

INC.'s incontestable Federal Registration No. 3853473 for TALKERS, pursuant to 15 U.S.C. §1114.

38. Defendant, The Mitch Henck Show, LLC's unlawful acts will result in harm to Plaintiff GOODPHONE COMMUNICATIONS, INC. d/b/a TALKERS reputation and its goodwill in the marks in the marketplace.

39. Defendant, The Mitch Henck Show, LLC's conduct described above has been willful, reckless, and in total disregard for GOODPHONE COMMUNICATIONS, INC.'s valuable trademark rights.

40. By reason of the foregoing, GOODPHONE COMMUNICATIONS, INC. has suffered monetary damages and loss of goodwill. Defendant, The Mitch Henck Show, LLC's acts are causing irreparable injury to Goodphone Communications, for which there is no adequate remedy at law, and will continue to do so unless Defendant The Mitch Henck Show, LLC's use of the mark TALKERS is immediately enjoined by this Court.

41. As a result of The Mitch Henck Show, LLC's acts described herein, Plaintiff GOODPHONE COMMUNICATIONS, INC. is entitled to damages in an amount to be proven at trial. By reason of the foregoing, GOODPHONE COMMUNICATIONS, INC. has been damaged and is suffering, and will continue to suffer irreparable harm, and is entitled to immediate injunctive relief and damages.

## SECOND CAUSE OF ACTION

*False Designation of Origin and Federal Unfair Competition*

*in Violation of the Lanham Act* **(15 U.S.C. §1125)**

42. Plaintiff GOODPHONE COMMUNICATIONS, INC. repeats and realleges the facts set forth in each of the preceding paragraphs.

43. Defendant, The Mitch Henck Show, LLC is using the mark TALKERS in connection with the sale, offer for sale, and advertising and marketing of its services in commerce, without authorization from GOODPHONE COMMUNICATIONS, INC.

44. Defendant The Mitch Henck Show, LLC's unlawful use of these marks is likely to cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant The Mitch Henck Show, LLC and GOODPHONE COMMUNICATIONS, INC., and is likely to cause confusion, mistake, or deception regarding the origin, sponsorship or approval of The Mitch Henck Show, LLC's services and commercial activities by Plaintiff GOODPHONE COMMUNICATIONS, INC.

45. Defendant The Mitch Henck Show, LLC's false statements alleged in paragraphs 30, 31, 32, and 33 above are made in commercial advertising and promotion, and are false and misleading descriptions of facts and false and misleading representations of facts that are likely to cause confusion, mistake or to deceive as to Defendant The Mitch Henck Show, LLC's services and commercial activities.

46. Defendant The Mitch Henck Show, LLC's false statements alleged in paragraphs above are made in commercial advertising and promotion, and are false and misleading descriptions of facts and false and misleading representations of facts that are likely to cause confusion, mistake or to deceive as to affiliation, connection, or association, of Defendant The Mitch Henck Show, LLC's services and commercial activities of GOODPHONE COMMUNICATIONS, INC. and is likely to cause confusion, mistake, or deception regarding to the origin, sponsorship, or approval of Defendant The Mitch Henck Show, LLC's services and commercial activities by Plaintiff GOODPHONE COMMUNICATIONS, INC.

47. Defendant The Mitch Henck Show, LLC has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of §43(a) of the Lanham Act, codified at 15 U.S.C. 1125(a).

48. Defendant The Mitch Henck Show, LLC's unlawful acts will result in harm to Plaintiff GOODPHONE COMMUNICATIONS, INC.'s reputation and its goodwill in the Mark in the marketplace.

49. Defendant The Mitch Henck Show, LLC's conduct described above has been willful, reckless, and in total disregard for GOODPHONE COMMUNICATIONS, INC.'s valuable rights.

50. By reason of the foregoing, GOODPHONE COMMUNICATIONS, INC. has suffered monetary damages and loss of goodwill. Defendant The Mitch Henck Show, LLC's acts are causing irreparable injury to GOODPHONE COMMUNICATIONS, INC., for which there is no adequate remedy at law, and will continue to do so unless

Defendant The Mitch Henck Show, LLC's unlawful acts, including use of the Mark and its false statements, are immediately enjoined by this Court.

51.     As a result of Defendant The Mitch Henck Show, LLC's acts described herein, Plaintiff GOODPHONE COMMUNICATIONS, INC. is entitled to damages in an amount to be proven at trial. By reason of the foregoing, GOODPHONE COMMUNICATIONS, INC. has been damaged and is suffering, and will continue to suffer irreparable harm, and is entitled to immediate injunctive relief and damages.

## **THIRD CAUSE OF ACTION**

*Unfair Competition and Trademark Infringement*

*in Violation of Massachusetts Common Law*

52.     GOODPHONE COMMUNICATIONS, INC. repeats and realleges the facts set forth in each of the preceding paragraphs.

53. Plaintiff GOODPHONE COMMUNICATIONS, INC. owns and enjoys common law rights in its trademarks TALKERS.

54. Defendant The Mitch Henck Show, LLC. is using the mark TALKERS in Massachusetts in connection with the sale, offer for sale, and advertising and marketing of its services in commerce, without authorization from GOODPHONE COMMUNICATIONS, INC.

55.     Defendant The Mitch Henck Show, LLC.'s unlawful use of these marks is likely to cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant The Mitch Henck Show, LLC. and GOODPHONE

COMMUNICATIONS, INC., and is likely to cause confusion, mistake, or deception regarding the origin, sponsorship or approval of The Mitch Henck Show, LLC.'s services and commercial activities by Plaintiff GOODPHONE COMMUNICATIONS, INC..

56. Defendant The Mitch Henck Show, LLC.'s false statements alleged in paragraphs 30, 31, 32, and 33 above are made in commercial advertising and promotion, and are false and misleading descriptions of facts and false and misleading representations of facts that are likely to cause confusion, mistake or to deceive as to The Mitch Henck Show, LLC.'s services and commercial activities.

57. The Mitch Henck Show, LLC.'s use of the domain name madisonTALKERS.com in conjunction with the TALKERS mark, and in conjunction with the false statements made as alleged in paragraphs 30, 31, 32, and 33 above, is likely to cause confusion, mistake, or deception as to affiliation, connection, or association, of Defendant The Mitch Henck Show, LLC. and GOODPHONE COMMUNICATIONS, INC., and is likely to cause confusion, mistake, or deception regarding the origin, sponsorship or approval of The Mitch Henck Show, LLC.'s services and commercial activities by Plaintiff GOODPHONE COMMUNICATIONS, INC..

58. Defendant The Mitch Henck Show, LLC.'s wrongful acts and conduct as set forth herein constitute trademark infringement, unfair competition, and willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and in violation of Massachusetts common law.

59. Defendant The Mitch Henck Show, LLC.'s unlawful acts will result in harm to Plaintiff GOODPHONE COMMUNICATIONS, INC.'s reputation and its goodwill in the Marks in the marketplace.

60. Defendant The Mitch Henck Show, LLC.'s conduct described herein has been willful, reckless, and in violation of the Plaintiff's rights.

61. Defendant The Mitch Henck Show, LLC.'s wrongful and infringing activities have intended to cause, have caused, and unless enjoined by the Court, will continue to cause, irreparable injury and other harm to Plaintiff GOODPHONE COMMUNICATIONS, INC.'s business, reputation and goodwill.

62. Defendant The Mitch Henck Show, LLC.'s conduct described herein has been willful, reckless, and in violation of the Plaintiff's rights.

63. As a result of Defendant The Mitch Henck Show, LLC.'s acts described herein, Plaintiff GOODPHONE COMMUNICATIONS, INC. is entitled to damages in an amount to be proven at trial. By reason of the foregoing, GOODPHONE COMMUNICATIONS, INC. has been damaged and is suffering, and will continue to suffer irreparable harm, and is entitled to immediate injunctive relief and damages.

**FOURTH CAUSE OF ACTION**

*Trademark Dilution in Violation of Massachusetts Law*

**(Massachusetts General Law 110H §13)**

64. GOODPHONE COMMUNICATIONS, INC. repeats and realleges the facts set forth in each of the preceding paragraphs.

65. Defendant The Mitch Henck Show, LLC.'s unauthorized use of the trademarks TALKERS will and does dilute the distinctive quality of GOODPHONE COMMUNICATIONS, INC.'s valuable common law trademark rights in the Marks in violation of M.G.L c.110H, §13.

66. Unless Defendant's The Mitch Henck Show, LLC. is enjoined from its wrongful conduct, GOODPHONE COMMUNICATIONS, INC.will continue to suffer irreparable harm to its business reputation and the distinctive quality of its trademark, for which GOODPHONE COMMUNICATIONS, INC. has no adequate remedy at law.

67. Defendant The Mitch Henck Show, LLC.'s conduct described above has been willful, reckless, and in violation of Plaintiff's rights.

68. By reason of the acts of Defendant The Mitch Henck Show, LLC. alleged herein, GOODPHONE COMMUNICATIONS, INC. has suffered, is suffering, and will continue to suffer irreparable harm and is entitled to immediate injunctive relief and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GOODPHONE COMMUNICATIONS, INC. respectfully asks this Court to enter judgment for on all counts against Defendant The Mitch Henck Show, LLC, and to grant GOODPHONE COMMUNICATIONS, INC., the following relief:

1. A preliminary injunction preventing Defendant The Mitch Henck Show, LLC and its officers, directors, employees, agents, affiliates, successors,

assigns, and all those in privity or acting in concert with it, from using the TALKERS or any mark similar thereto in connection with internet based talk media production and exhibition and unfairly competing with GOODPHONE COMMUNICATIONS, INC..

    2.    A permanent injunction restraining Defendant The Mitch Henck Show, LLC and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with it, from using the trademark TALKERS and the domain name madisonTALKERS.com or any mark similar thereto in connection with internet based talk media production and exhibition, and unfairly competing with GOODPHONE COMMUNICATIONS, INC..

    3.    Order Defendant to account and pay over to Plaintiff all gains, profits, and advantages derived from its unlawful conduct pursuant, the damages which Plaintiff has sustained by reason of the conduct alleged herein, the costs of this action, or such other sum as the court shall find to be just, pursuant to 15 U.S.C. §1117, Massachusetts law, and other applicable law;

    4.    Order Defendant to pay a sum totaling three times the compensatory damages for its willful and intentional misconduct as provided for in 15 U.S.C. §1117, and other applicable law;

    5.    Allow Plaintiff permission to elect, prior to final judgment, statutory damages as its recovery rather than actual damages and profits as provided in 15 U.S.C. §1117;

6. Order Defendant to pay pre-judgment interest on Plaintiff's damages as provided in 15 U.S.C. §1117 and other applicable law;

7. Order Defendant to pay Plaintiff's attorneys' fees as provided by 15 U.S.C. §1117, and other applicable law; and

8. Grant such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial of any issues in this action so triable.

Dated: January 24, 2017

Respectfully submitted,

/s/ Matthew B. Harrison

Matthew B. Harrison, BBO No. 664196
Harrison Legal Group
785 Williams Street, PMB 173
Longmeadow, MA 01106
413.565.5413
matthew@talkers.com

CERTIFICATE OF SERVICE

I, Matthew B. Harrison, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2017.

_____/s/ Matthew B. Harrison_____